UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRELL SMITH                                CIVIL ACTION

VERSUS                                       NUMBER: 11-1895

BURL CAIN, WARDEN                            SECTION: "J"(5)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Darrell Smith, and the State's response thereto. (Rec. docs. 1, 10). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the instant petition be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY

Petitioner Smith is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On February 3, 1999, Smith was charged, via bill of information, with possession with the intent to distribute cocaine. (St. rec., vol. 4, p. 20A). At his arraignment on February 10, 1999, Smith pled not guilty. (St. rec., vol. 4, p. 7). On July 29, 1999, following trial by jury in the Twenty-Second Judicial

District Court for the Parish of St. Tammany, Smith was found guilty as charged. (St. rec., vol. 4, p. 17). On September 3, 1999, Smith was adjudicated a third-felony offender and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. (St. rec., vol. 4, p. 19).

On November 3, 2000, the Louisiana First Circuit Court of Appeal affirmed Smith's conviction, habitual offender adjudication, and sentence. State v. Smith, No. 1999-KA-2726 (La. App. 1 Cir. 2000) (unpublished opinion).[1] On November 16, 2001, the Louisiana Supreme Court denied Smith's writ application. State v. Smith, 802 So.2d 623 (La. 2001). Smith's conviction became final ninety days later, on February 14, 2002, when the time for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

On August 19, 2002, Smith filed an application for post-conviction relief with the state district court. (St. rec., vol. 3). On October 9, 2002, Twenty-Second Judicial District Court Judge Elaine Guillot issued a Judgment with Reasons denying Smith post-conviction relief. (St. rec., vol. 3). Smith did not file a writ application with either the Louisiana First Circuit Court of

---

[1] A copy of the Louisiana First Circuit's unpublished opinion is contained in the St. rec., vol. 3.

Appeal or the Louisiana Supreme Court.

On February 20, 2003, Smith filed a second post-conviction application with the state district court. (St. rec., vol. 3). On February 27, 2003, Twenty-Second Judicial District Court Judge Elaine DiMiceli denied Smith post conviction relief. (St. rec., vol. 3). Again, Smith did not seek relief from the district court's adverse decision by filing a writ application with either the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court.

On June 12, 2009, Smith filed a motion to correct an illegal sentence with the state district court. (St. rec., vol. 3). On September 9, 2009, Twenty-Second Judicial District Court Judge August Hand denied Smith's motion to correct an illegal sentence. (St. rec., vol. 3). On December 30, 2009, the Louisiana First Circuit Court of Appeal denied Smith's writ application, finding that his claims "are not cognizable in a motion to correct illegal sentence and are not grounds for an application for postconviction relief. See State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694. See also La. Code Crim. P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172." State v. Smith, No. 2009-KW-1818 (La. App. 1 Cir. 2009)(unpublished opinion).[2]  On

---

[2] A copy of the Louisiana First Circuit's unpublished opinion is contained in the St. rec., vol. 3.

3

February 11, 2011, the Louisiana Supreme Court denied Smith's writ application, finding it to be untimely pursuant to the provisions of La.C.Cr.P. art. 930.8. State ex rel. Smith v. State, 56 So.3d 994 (La. 2011).

On July 29, 2011, Smith filed the instant habeas corpus application, raising seventeen claims for relief. The State, in its response, admits that petitioner has properly exhausted his state court remedies as required under Rose v. Lundy, 455 U.S. 509 (1982). (Rec. doc. 10, p. 4). The State, however, asserts that the instant action is untimely. (Rec. doc. 10, p. 4).

**TIMELINESS**

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Smith have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-329 (5th Cir. 1999).

4

Smith's conviction and sentence became final on February 14, 2002.  Under §2244(d), Smith thus had until February 14, 2003, within which to timely seek federal relief unless the one-year time period was tolled by the pendency of a properly-filed application for post-conviction relief or other collateral review.

On August 19, 2002, Smith filed with the state district court an application for state post-conviction relief, thereby tolling prescription.  By then, 185 days of Smith's 365-day prescriptive period had expired.  While Smith's post-conviction application was denied by the state district court on October 9, 2002, tolling continued until November 8, 2002, when his thirty-day period for seeking further review expired.  See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-406 (5th Cir. 2001); Campbell v. Cain, 2007 WL 2363149, *3 & n.24 (E.D. La. Aug. 15, 2007).

Prescription ran for 103 more days, from November 8, 2002 until February 20, 2003, for a total of 288 days, before it was again tolled by virtue of Smith filing a second post-conviction application.  Smith's second post-conviction application was denied by the state district court on February 27, 2003.  Tolling, however, continued until March 29, 2003, when, pursuant to Court of Appeal Rule 4-3, Smith's thirty day period for seeking relief from the state appellate court expired.

At that point, Smith had only 77 days of his federal limitations period remaining, meaning that the period expired on June 16, 2003,[3] unless the deadline was again extended by additional tolling. However, because Smith had no other applications for state post-conviction relief or other collateral review pending at any time during that period, he clearly is not entitled to further statutory tolling.[4] That being the case, and because no facts are present warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner is actively misled by the defendant or is prevented in some extraordinary way

---

[3] Because the seventy-seventh day fell on Saturday, June 14, 2003, the federal limitations period was extended by two days. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in §2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is not accessible, the period runs until the end of the next day that is not one of those days).

[4] The Court notes that Smith subsequently filed a motion to correct an illegal sentence on June 12, 2009. However, because that motion seeking collateral review was filed after the expiration of the federal statute of limitations, it has no bearing on the timeliness of Smith's federal habeas petition. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, 2000 WL 1023423, *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, 2000 WL 863132, *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), it will be recommended that Smith's petition be dismissed with prejudice as untimely.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Darrell Smith be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[5]

New Orleans, Louisiana, this __17th__ day of __January__, 2012.

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

7

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE